IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMIMI GLOBAL COMPANY LIMITED, Petitioner, <br><br> v. <br><br> KELLOGG BROWN & ROOT LLC KELLOGG BROWN & ROOT INTERNATIONAL, INC., and KELLOGG BROWN & ROOT SERVICES, INC., Respondents. | § § § § § § § § § § § § CIVIL ACTION NO. 4:11-cv-585 |

**RESPONDENT'S SUPPLEMENTAL SUBMISSION PURSUANT TO THE COURT'S MARCH 9, 2011 ORDER RELATED TO RESPONDENT'S PARTIALLY OPPOSED MOTION TO STAY PROCEEDINGS**

Pursuant to the Court's March 9, 2011 Order (the "Order"), Respondents, Kellogg Brown & Root LLC, Kellogg Brown & Root International, Inc., and Kellogg Brown & Root Services, Inc. (collectively "KBR") respectfully submit a copy of the Government's Amended Answer and Counterclaims (the "Counterclaims") filed in the closely related case, *Kellogg Brown & Root Services, Inc. v. United States*, COFC Case No. 1:09-cv-00351-CCM (the "COFC Litigation"). *See* Exhibit 1 attached hereto.[1]

The Government's Counterclaims assert five independent fraud claims, including claims asserting a Special Plea in Fraud, violations of the Anti-Kickback Act and the False Claims Act,

---

[1] Although KBR anticipated the Government would file any counterclaims under seal as it had done with its prior submissions in the COFC Litigation regarding fraud allegations it intended to pursue, the Government did not file its Counterclaims under seal in the COFC Litigation, stating it was not no longer necessary to keep the information confidential. *See* Exhibit 1, p. 1, n.1. Accordingly, KBR's submission of the Government's Counterclaims to the Court in this action is likewise not filed under seal.

and other fraud-based contractual claims related to the Tamimi subcontract. <u>All</u> of these fraud claims are derived from allegations that Tamimi Global Company Limited's ("Tamimi") chief of operations and vice president bribed two former KBR employees in exchange for Tamimi receiving subcontracts from KBR in Iraq, including the subcontract that is the subject of the arbitration award sought to be enforced in this case, known as Master Agreement 3 Work Release 3 ("MA3 WR3"). In fact, the dispute at the heart of the COFC Litigation between KBR and the Government pertains to KBR's entitlement to costs under its contract with the Government for the exact same MA3 WR3 transactions for which KBR withheld sums from Tamimi, and for which Tamimi pursued arbitration against KBR, resulting in the arbitration award Tamimi now seeks to enforce.[2]

While KBR intends to vigorously defend against the Government's Counterclaims in the COFC Litigation, KBR faces significant potential liability in that case derived from the fraud allegations directly implicating Tamimi. Indeed, the Government's Counterclaims are broad in scope and dollars -- the Government alleges in excess of $600 million in damages. Simply put, Tamimi should not be allowed to benefit from its alleged fraud and walk away with $35 million, plus interest, fees and costs, in this proceeding, while KBR is facing hundreds of millions of dollars in potential damages in the COFC Litigation stemming from allegations that Tamimi committed fraud.

---

[2] Tamimi's letter addressed to the Court dated March 16, 2011 wrongly states that the COFC Litigation does not pertain to the identical subcontract transactions at issue in the arbitration award enforcement proceeding. Indeed, the arbitration award expressly refutes this statement. *See* arbitration award attached as Exhibit B to Tamimi's Petition to Confirm Foreign Arbitration Award ("Petition"), Instr. #1, at p. 3-9 (outlining facts regarding MA3 WR3 subcontract dispute), and p. 9-19 (arbitration panel's interpretation of MA 3 WR3 subcontract terms regarding KBR's withhold of dollars from Tamimi). The Complaint KBR filed in the COFC Litigation also refutes this statement. *See* KBR's complaint attached as Exhibit 2 to KBR's Motion to Stay Proceedings, Instr. #11, at p. 7-15.

2236904v1

In light of the substantial Government Counterclaims in the COFC Litigation based on fraudulent acts allegedly perpetuated by Tamimi, KBR would be significantly prejudiced if the Court did not stay these proceedings pending the resolution of the fraud claims in the COFC Litigation. The Government's Counterclaims in the COFC Litigation alleging fraudulent acts by Tamimi pertaining to the subcontract at issue in Tamimi's enforcement proceeding, therefore, provide more than sufficient justification for this Court to grant KBR's pending Motion to Stay the Proceedings. In the event, however, the Court needs additional information regarding KBR's pending Motion to Stay the Proceedings, KBR is of course available at the Court's convenience for oral argument.

Dated: March 17, 2011.

Respectfully submitted,

PORTER HEDGES, L.L.P.

By: _____
Kerry M. McMahon
*Attorney-in-Charge*
S.D. Texas Bar No. 22927
State Bar No. 00797053
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6657
Facsimile: (713) 226-6257
Email: KMcMahon@porterhedges.com

ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

PORTER HEDGES, L.L.P.
Nicholas A. Simms
S.D. Texas Bar No. 21384
State Bar No. 00794637
David W. Salton
S.D. Texas Bar No. 922955
State Bar No.: 24062983
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6659
Facsimile: (713) 226-6259
Email: NSimmons@porterhedges.com
Email: DSalton@porterhedges.com

McKENNA LONG & ALDRIDGE LLP
Thomas A. Lemmer
Sandra B. Wick Mulvany
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
Email: tlemmer@mckennalong.com
Email: swickmulvany@mckennalong.com

2236904v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 17 day of March, 2011, a true and complete copy of the foregoing **RESPONDENT'S SUPPLEMENTAL SUBMISSION PURSUANT TO COURT'S MARCH 9, 2011 ORDER RELATED TO RESPONDENT'S PARTIALLY OPPOSED MOTION TO STAY PROCEEDINGS** was served via facsimile and was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following individuals at the following electronic mail address:

Murphy S. Klasing
James M. Hall
OGDEN, GIBSON, BROOCKS, LONGORIA & HALL, L.L.P.
711 Louisiana, 1900 Pennzoil South Tower
Houston, TX 77002
(713) 844-3000
(713) 844-3030 - facsimile
Email: mklasing@ogblh.com

_____
Kerry M. McMahon

2236904v1